IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HUGO FALCON and<br>MARIA LOURDES VAZQUEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARMOR INOX USA, LLC,<br>a Delaware Limited Liability Company;<br>THE MIDDLEBY CORPORATION,<br>a Delaware Corporation; and<br>MIDDLEBY MARSHALL INC.,<br>a Delaware Corporation,<br><br>    Defendants. | Case No.: |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Armor Inox USA, LLC, The Middleby Corporation, and Middleby Marshall Inc. (collectively, "Defendants") file this Notice of Removal with respect to the action captioned *Hugo Falcon and Maria Lourdes Vazquez v. Armor Inox USA, LLC, The Middleby Corporation, and Middleby Marshall Inc.*, Civil Action No. 2022L007738 (the "State Court Case"), filed in the Circuit Court of Cook County, Illinois. In support thereof, Defendants state as follows:

### BACKGROUND

1. On August 26, 2022, Plaintiff Hugo Falcon filed strict liability claims (Counts I, IV, and VII) and negligence claims (Counts II, V, and VIII) against each Defendant, and Plaintiff Maria Lourdes Vazquez filed loss of consortium claims (Counts III, VI, and IX) against each Defendant. *See* State Court Case Complaint, attached as **Exhibit A** at p. 1-21.[1] All claims arise

---

[1] As the State Court Case Complaint contains nine separate sets of paragraphs, this Notice of Removal refers to portions of the State Court Case Complaint by page number instead of paragraph number.

1

out of a purported June 18, 2021 incident at a food processing facility in which Plaintiff Hugo Falcon claims he sustained burn injuries while working with a tank bearing the brand name Armor Inox. **Exhibit A** at p. 2-3.

2. Plaintiffs alleged that each and all Defendants designed, manufactured, sold, and/or distributed the product at issue. **Exhibit A** at p. 3. After an affidavit was furnished to Plaintiff's counsel confirming that named defendants The Middleby Corporation and Middleby Marshall Inc. do not manufacture, design, sell, distribute, service or maintain products bearing the brand name Armor Inox, counsel for Plaintiffs and Defendants executed a Stipulation for Dismissal of these entities and filed the Stipulation in the Circuit Court of Cook County on October 3, 2022.

3. Plaintiffs seek in excess of $50,000 for each of their nine claims. **Exhibit A** at p. 4, 7, 8, 11, 13, 14, 17, 20, and 21. Counsel for Defendants also confirmed by telephone on October 3, 2022 with Plaintiff' counsel that Plaintiffs are seeking a personal injury recovery in excess of $75,000 in this case.

## REMOVAL IS TIMELY

4. On September 6, 2022, Plaintiffs served the State Court Case Summons and Complaint on all Defendants. *See* Proof of Service of Process on Armor Inox USA, Inc., The Middleby Corporation, and Middleby Marshall Inc., attached as **Exhibits B**, **C**, and **D**, respectively. This Notice of Removal is timely because it was filed within thirty days of service of process. *See* 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the required time period within which a notice of removal must be filed does not begin to run until a party has been formally served with the summons and complaint). A copy of the state court case information sheet is attached as **Exhibit E**.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide a copy of this Notice of Removal to Plaintiffs and will file a copy of same with the Clerk of the Circuit Court of Cook County, Illinois. A copy of the state court notice to be filed (without its exhibits) is attached hereto as **Exhibit F**.

## THE CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

6. This Court has subject matter jurisdiction over the claims herein based on diversity jurisdiction. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Pursuant to 28 U.S.C. § 1332(a), the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" Plaintiffs are citizens of Illinois because they reside therein. **Exhibit A** at p. 1.

7. Defendant Armor Inox USA, LLC is a citizen of Wisconsin. For diversity jurisdiction purposes, a limited liability company is a citizen of the states of which its members are citizens. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (where the U.S. Court of Appeals for the Seventh Circuit held that "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). Armor Inox USA, LLC is a Delaware limited liability company with a single member. *See* Affidavit of Michael Thompson, attached as **Exhibit G** at ¶ 5. Its sole member is Alkar Holdings, Inc. *Id.* Alkar Holdings, Inc. is a Wisconsin corporation, and its principal place of business is located in Lodi, Wisconsin. *Id.* Thus, for diversity jurisdiction purposes, Armor Inox USA, LLC is a citizen of Wisconsin.

8. Plaintiff also included The Middleby Corporation and Middleby Marshall Inc. as additional defendants in this case. Both are Delaware companies with their principal places of business in Elgin, Illinois. *See* **Exhibit G** at ¶¶ 3-4. Neither were properly joined as defendants in this case as neither designs, manufactures, sells, distributes, services or maintains products bearing the name Armor Inox. **Exhibit G** at ¶ 6. Counsel for the parties accordingly executed and filed a stipulation in the state court proceedings along with a proposed order of dismissal by stipulation confirming that these entities will be dismissed. *See* Stipulation to Dismiss and Proposed Order, attached as **Exhibit H**.

9. Removal under 28 U.S.C. § 1332 requires complete diversity such that the citizenship of all plaintiffs is diverse from that of all defendants. *See Lincoln Property*, 546 U.S. at 89 (requiring complete diversity between all plaintiffs and all defendants). As of the time of filing of this Notice of Removal, the parties have agreed and stipulated to the dismissal of The Middleby Corporation and Middleby Marshall Inc. pursuant to 735 ILCS 5/2-1009 in the state court. As there is no dispute between the parties with respect to the dismissal of these entities, and to comply with the deadline set forth in 28 U.S.C. § 1446(b), Defendants filed this Notice of Removal.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

10. Pursuant to 28 U.S.C. § 1332(a), the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" In the State Court Case Complaint, Plaintiff Falcon alleges in excess of $50,000 in damages for each of his two claims against each of the three Defendants. Plaintiff Vazquez alleges in excess of $50,000 in damages for her claim against each of the three Defendants.

11. Counsel for Defendants also separately confirmed by telephone on October 3, 2022 with counsel for Plaintiffs that Plaintiffs seek in excess of $75,000 in this case.

12. Thus, and while reserving all defenses and rights to dispute liability and damages, the total amount in controversy exceeds the jurisdictional minimum of $75,00 and the requirements for subject matter jurisdiction pursuant to 28 U.S.C. §1441(a) are satisfied in this case.

## **VENUE**

13. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Eastern Division of the U.S. District Court for the Northern District of Illinois embraces Cook County, Illinois. Accordingly, this Court is the appropriate venue for removal of the State Court Case. 28 U.S.C. § 1441(a).

## **CONCLUSION**

14. Pursuant to 28 U.S.C. § 1332, this Honorable Court has subject matter jurisdiction over the claims because the dispute is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. § 1441(a), Defendants hereby remove the State Court Case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, and request all other and further relief as this Court deems appropriate and just.

Dated: October 5, 2022

SEYFARTH SHAW LLP

/s/ P. Shawn Wood
P. Shawn Wood
Illinois ARDC No. 6210455
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000
swood@seyfarth.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 5, 2022 a copy of the foregoing was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. A copy is also being sent by electronic mail to counsel of record for all parties, as follows:

MCNABOLA LAW GROUP, PC

Donald R. McGarrah
David C. McCracken
55 West Wacker Drive, 9th Floor
Chicago, Illinois 60601
Telephone: 312-629-2900
Firm I.D. No. 49780
don@mcnabolalaw.com
david@mcnabolalaw.com
*Attorneys for Plaintiffs*

/s/ P. Shawn Wood
P. Shawn Wood

6