All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 10/26/2022 9:30 AM

FILED
8/26/2022 3:12 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007738
Calendar, F
19260145

FILED DATE: 8/26/2022 3:12 PM   2022L007738

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| HUGO FALCON and, <br> MARIA LOURDES VAZQUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> ARMOR INOX USA, LLC, a Delaware <br> Corporation; THE MIDDLEBY <br> CORPORATION, a Delaware <br> Corporation; and MIDDLEBY <br> MARSHALL, INC., a Delaware <br> Corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

2022 SEP - 2  AM 7: 37

IN SHERIFF'S HANDS
NEW CASTLE COUNTY

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, HUGO FALCON and MARIA LOURDES VAZQUEZ, by and through their attorneys, McNABOLA LAW GROUP, P.C., complaining against the Defendants, ARMOR INOX USA, LLC, a Delaware Corporation, THE MIDDLEBY CORPORATION, a Delaware Corporation, and MIDDLEBY MARSHALL, INC., a Delaware Corporation, and each of them, state:

**COUNT I – STRICT LIABILITY**

*Hugo Falcon v. Armor Inox USA, LLC, a Delaware Corporation*

1.      On and before June 18, 2021, and at all times relevant, Plaintiffs, HUGO FALCON and MARIA LOURDES VAZQUEZ, resided at 5145 S. Nordica Avenue, Chicago, Cook County, Illinois.

2.      On and before June 18, 2021, and at all times relevant, Defendant, ARMOR INOX USA, LLC, a Delaware Corporation, (hereinafter referred to as "ARMOR INOX") was a Delaware Corporation doing business in Illinois with its principal place of business in Mauron, France.

1

FILED DATE: 8/26/2022 3:12 PM   2022L007738

3.      On and before June 18, 2021, and at all times relevant, Defendant, ARMOR INOX, was engaged in the business of designing, manufacturing, distributing, selling and/or maintaining cooking equipment for use in the commercial food industry, including automated cook and chill systems, commonly referred to as Armor Inox Tanks.

4.      On June 18, 2021, Plaintiff, HUGO FALCON, was employed as a Technical Support by OSI Industries, LLC, a commercial food processor and supplier to food service and retail food brands throughout the world.

5.      On June 18, 2021, Plaintiff, HUGO FALCON, was working at the OSI Industries facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

6.      In furtherance of his responsibilities on June 18, 2021, Plaintiff, HUGO FALCON, was acting as Technical Support monitoring the draining of a cooking tank known as "Armor Inox Tank #3" (hereinafter referred to as "the Tank").

7.      The Tank is part of a fully automatic cooking/chilling process that cooks foods, including beans, in water at high temperatures.

8.      Prior to June 18, 2021, Defendant, ARMOR INOX, designed, manufactured, sold and/or distributed the Tank.

9.      Upon information and belief, Defendant, ARMOR INOX, through its authorized agents and/or employees, provided regular maintenance to the Tank.

10.      On and before June 18, 2021, and at all times relevant, Defendant, ARMOR INOX, had a non-delegable duty to design, manufacture and sell the Tank in a condition that was not unreasonably dangerous.

11.      On and before June 18, 2021, and at all times relevant, Defendant, ARMOR INOX, had a duty to provide adequate warnings to instruct users of the Tank about the dangers of the

2

FILED DATE: 8/26/2022 3:12 PM    2022L007738

Tank which Defendant, ARMOR INOX, was aware; or in the exercise of ordinary care, should have been aware.

12.    Upon information and belief, Defendant, ARMOR INOX, sold and/or distributed the Tank to OSI Industries for use at its facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

13.    On June 18, 2021, and at all times relevant, the Tank was being operated by Plaintiff, HUGO FALCON, in the manner in which, Defendant, ARMOR INOX, designed and intended the Tank to be used, i.e., to cook large quantities of beans.

14.    On June 18, 2021, Plaintiff, HUGO FALCON, was monitoring the draining process of the Tank when he noticed the Tank was draining slower than normal, which required the tightening of a clover tri-clamp on the Tank.

15.    While Plaintiff, HUGO FALCON, was tightening the clover tri-clamp, a thermowell cylindrical fitting used to protect temperature sensors dislodged from a probe joint on the Tank.

16.    On June 18, 2021, when the thermowell cylindrical fitting dislodged, it caused 190 to 200-degree water to escape from the tank onto Plaintiff's legs, ankles and feet, thereby causing serious burns and scalding injuries.

17.    On June 18, 2021, when Plaintiff, HUGO FALCON was working with the Tank and the components of the Tank, he was at all times exercising ordinary care for his own safety.

18.    Before June 18, 2021, and at all times relevant, when Defendant, ARMOR INOX, designed, manufactured, sold and/or distributed the referenced Tank, it was unreasonably dangerous and defective in design and manufacture in one or more of the following ways:

   a. It was designed, manufactured, sold and distributed so that when it was being used in the manner in which it was intended to be used, one of the components of the

3

FILED DATE: 8/26/2022 3:12 PM    2022L007738

Tank, without warning, could dislodge, allowing hot water to escape from the Tank; and/or:

b. It was designed, manufactured, sold, and distributed without proper and complete warnings and instructions informing users that when the Tank was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge and allow hot water to escape from the Tank and expose a user to the risk of serious injury or death.

19.     As a proximate result of one or more of the aforesaid unreasonably dangerous conditions in the referenced Tank, a thermowell dislodged from the Tank and Plaintiff, HUGO FALCON, sustained injuries of a personal and pecuniary nature.

20.     On information and belief, on and before June 18, 2021, the alleged defects in the design and manufacture of the Tank existed in the Tank at the time it left the control of Defendant, ARMOR INOX.

WHEREFORE, Plaintiff, HUGO FALCON, demands judgment against Defendant, ARMOR INOX USA, LLC, a Delaware Corporation, in a sum far in excess of the minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

## COUNT II – NEGLIGENCE

### Hugo Falcon v. Armor Inox USA, LLC, a Delaware Corporation

1.     On and before June 18, 2021, and at all times relevant, Plaintiffs, HUGO FALCON and MARIA LOURDES VAZQUEZ, resided at 5145 S. Nordica Avenue, Chicago, Cook County, Illinois.

2.     On and before June 18, 2021, and at all times relevant, Defendant, ARMOR INOX USA, LLC, a Delaware Corporation, (hereinafter referred to as "ARMOR INOX") was a Delaware Corporation doing business in Illinois with its principal place of business in Mauron, France.

4

FILED DATE: 8/26/2022 3:12 PM 2022L007738

3.     On and before June 18, 2021, and at all times relevant, Defendant, ARMOR INOX, was engaged in the business of designing, manufacturing, selling, distributing and/or maintaining cooking equipment for use in the commercial food industry, including automated cook and chill systems, commonly referred to as Armor Inox Tanks.

4.     On June 18, 2021, Plaintiff, HUGO FALCON, was employed as a Technical Support by OSI Industries, LLC, a commercial food processor and supplier to food service and retail food brands throughout the world.

5.     On June 18, 2021, Plaintiff, HUGO FALCON, was working at the OSI Industries facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

6.     In furtherance of his responsibilities on June 18, 2021, Plaintiff, HUGO FALCON, was acting as Technical Support monitoring the draining of a cooking tank known as "Armor Inox Tank #3" (hereinafter referred to as "the Tank").

7.     The Tank is part of a fully automatic cooking/chilling process that cooks foods, including beans, in water at high temperatures.

8.     Prior to June 18, 2021, Defendant, ARMOR INOX, designed, manufactured, sold and/or distributed the Tank.

9.     Upon information and belief, Defendant, ARMOR INOX, through its authorized agents and/or employees, provided regular maintenance to the Tank.

10.     On and before June 18, 2021, and at all times relevant, Defendant, ARMOR INOX, had a duty to exercise ordinary care in its design, manufacture, sales, distribution, and maintenance activities so that its products were reasonably safe in design and manufacture.

FILED DATE: 8/26/2022 3:12 PM    2022L007738

11.    On June 18, 2021, and at all times relevant, the Tank was being operated in the manner that Defendant, ARMOR INOX, intended it to be used, i.e., to cook large quantities of beans.

12.    On June 18, 2021, Plaintiff, HUGO FALCON, was monitoring the draining process of the Tank when he noticed the Tank was draining slower than normal, which required the tightening of a clover tri-clamp on the Tank.

13.    On June 18, 2021, Plaintiff, HUGO FALCON, was using the Tank in a reasonably foreseeable manner in which it was designed and manufactured to be used, i.e., by tightening the clover tri-clamp to address an operational issue with the Tank.

14.    On June 18, 2021, when Plaintiff, HUGO FALCON, was using the Tank in a manner in which it had been designed, manufactured, sold, and distributed to be used, a thermowell cylindrical fitting used to protect temperature sensors dislodged from a probe joint on the Tank.

15.    On June 18, 2021, when the thermowell cylindrical fitting dislodged, it caused 190 to 200-degree water to escape from the tank onto Plaintiff's legs, ankles, and feet, thereby causing serious burns and scalding injuries.

16.    On June 18, 2021, when Plaintiff, HUGO FALCON, was working with the referenced Tank, he was at all times exercising ordinary care for his own safety.

17.    On and before June 18, 2021, and at all times relevant, Defendant, ARMOR INOX, breached its duty and was negligent in one or more of the following respects:

   a. It designed, manufactured, sold, and distributed the Tank so that when it was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge, allowing hot water to escape from the Tank; and/or:

   b. It was designed, manufactured, sold and distributed without proper and complete warnings and instructions informing users that when the Tank was being used in the manner in which it was intended to be used, one of the components of the Tank,

6

FILED DATE: 8/26/2022 3:12 PM  2022L007738

without warning, could dislodge and allow hot water to escape from the Tank and expose a user to the risk of serious injury or death.

18.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, ARMOR INOX, Plaintiff, HUGO FALCON, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HUGO FALCON, demands judgment against Defendant, ARMOR INOX USA, LLC, a Delaware Corporation, in a sum far in excess of the minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

## COUNT III – LOSS OF CONSORTIUM

### *Maria Lourdes Vazquez v. Armor Inox USA, LLC, a Delaware Corporation*

1.    Plaintiff, MARIA LOURDES VAZQUEZ, hereby reasserts and realleges paragraphs 1-20 of Count I and paragraphs 1-18 of Count II as though fully set forth herein in as paragraph 1 of Count III.

2.    At all relevant times, Plaintiff, MARIA LOURDES VAZQUEZ, was the legal spouse of Plaintiff, HUGO FALCON.

3.    As a proximate cause of one or more of the negligent acts and/or omissions of the Defendant, ARMOR INOX, Plaintiff, MARIA LOURDES VAZQUEZ, suffered a loss of consortium, including, but not limited to, loss of love, society, affection, relationship and companionship with her husband, Plaintiff, HUGO FALCON. The losses have occurred in the past and are reasonably certain to occur in the future.

WHEREFORE, Plaintiff, MARIA LOURDES VAZQUEZ, demands judgment against Defendant, ARMOR INOX USA, LLC, a Delaware Corporation, in a sum far in excess of the

FILED DATE: 8/26/2022 3:12 PM   2022L007738

minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

## COUNT IV – STRICT LIABILITY

### *Hugo Falcon v. The Middleby Corporation, a Delaware Corporation*

1.      On and before June 18, 2021, and at all times relevant, Plaintiffs, HUGO FALCON and MARIA LOURDES VAZQUEZ, resided at 5145 S. Nordica Avenue, Chicago, Cook County, Illinois.

2.      On and before June 18, 2021, and at all times relevant, Defendant, THE MIDDLEBY CORPORATION, a Delaware Corporation, (hereinafter referred to as "MIDDLEBY CORP") was a Delaware Corporation doing business in Illinois with its principal place of business in Elgin, Illinois.

3.      On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY CORP, was engaged in the business of designing, manufacturing, distributing, selling and/or maintaining cooking equipment for use in the commercial food industry, including automated cook and chill systems, commonly referred to as Armor Inox Tanks.

4.      On June 18, 2021, Plaintiff, HUGO FALCON, was employed as a Technical Support by OSI Industries, LLC, a commercial food processor and supplier to food service and retail food brands throughout the world.

5.      On June 18, 2021, Plaintiff, HUGO FALCON, was working at the OSI Industries facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

6.      In furtherance of his responsibilities on June 18, 2021, Plaintiff, HUGO FALCON, was acting as Technical Support monitoring the draining of a cooking tank known as "Armor Inox Tank #3" (hereinafter referred to as "the Tank").

8

FILED DATE: 8/26/2022 3:12 PM   2022L007738

7.     The Tank is part of a fully automatic cooking/chilling process that cooks foods, including beans, in water at high temperatures.

8.     Prior to June 18, 2021, Defendant, MIDDLEBY CORP, designed, manufactured, sold and/or distributed the Tank.

9.     Upon information and belief, Defendant, MIDDLEBY CORP, through its authorized agents and/or employees, provided regular maintenance to the Tank.

10.    On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY CORP, had a non-delegable duty to design, manufacture and sell the Tank in a condition that was not unreasonably dangerous.

11.    On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY CORP, had a duty to provide adequate warnings to instruct users of the Tank about the dangers of the Tank which Defendant, ARMOR INOX, was aware, or in the exercise of ordinary care, should have been aware.

12.    Upon information and belief, Defendant, MIDDLEBY CORP, sold and/or distributed the Tank to OSI Industries for use at its facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

13.    On June 18, 2021, and at all times relevant, the Tank was being operated by Plaintiff, HUGO FALCON, in the manner in which, Defendant, MIDDLEBY CORP, designed and intended the Tank, i.e., to cook large quantities of beans.

14.    On June 18, 2021, Plaintiff, HUGO FALCON, was monitoring the draining process of the Tank when he noticed the Tank was draining slower than normal, which required the tightening of a clover tri-clamp on the Tank.

FILED DATE: 8/26/2022 3:12 PM   2022L007738

15.  While Plaintiff, HUGO FALCON, was tightening the clover tri-clamp, a thermowell cylindrical fitting used to protect temperature sensors dislodged from a probe joint on the Tank.

16.  On June 18, 2021, when the thermowell cylindrical fitting dislodged, it caused 190 to 200-degree water to escape from the tank onto Plaintiff's legs, ankles, and feet, thereby causing serious burns and scalding injuries.

17.  On June 18, 2021, when Plaintiff, HUGO FALCON was working with the Tank and the components of the Tank, he was at all times exercising ordinary care for his own safety.

18.  Before June 18, 2021, and at all times relevant, when Defendant, MIDDLEBY CORP, designed, manufactured, sold and/or distributed the referenced Tank, it was unreasonably dangerous and defective in design and manufacture in one or more of the following ways:

    a.  It was designed, manufactured, sold and distributed so that when it was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge, allowing hot water to escape from the Tank; and/or:

    b.  It was designed, manufactured, sold and distributed without proper and complete warnings and instructions informing users that when the Tank was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge and allow hot water to escape from the Tank and expose a user to the risk of serious injury or death.

19.  As a proximate result of one or more of the aforesaid unreasonably dangerous conditions in the referenced Tank, a thermowell dislodged from the Tank and Plaintiff, HUGO FALCON, sustained injuries of a personal and pecuniary nature.

20.  On information and belief, on and before June 18, 2021, the alleged defects in the design and manufacture of the Tank existed in the Tank at the time it left the control of Defendant, MIDDLEBY CORP.

FILED DATE: 8/26/2022 3:12 PM    2022L007738

WHEREFORE, Plaintiff, HUGO FALCON, demands judgment against Defendant, THE MIDDLEBY CORPORATION, a Delaware Corporation, in a sum far in excess of the minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

## COUNT V – NEGLIGENCE

### *Hugo Falcon v. The Middleby Corporation, a Delaware Corporation*

1.      On and before June 18, 2021, and at all times relevant, Plaintiffs, HUGO FALCON and MARIA LOURDES VAZQUEZ, resided at 5145 S. Nordica Avenue, Chicago, Cook County, Illinois.

2.      On and before June 18, 2021, and at all times relevant, Defendant, THE MIDDLEBY CORPORATION, a Delaware Corporation, (hereinafter referred to as "MIDDLEBY CORP") was a Delaware Corporation doing business in Illinois with its principal place of business in Elgin, Illinois.

3.      On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY CORP, was engaged in the business of designing, manufacturing, selling, distributing and/or maintaining cooking equipment for use in the commercial food industry, including automated cook and chill systems, commonly referred to as Armor Inox Tanks.

4.      On June 18, 2021, Plaintiff, HUGO FALCON, was employed as a Technical Support by OSI Industries, LLC, a commercial food processor and supplier to food service and retail food brands throughout the world.

5.      On June 18, 2021, Plaintiff, HUGO FALCON, was working at the OSI Industries facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

FILED DATE: 8/26/2022 3:12 PM    2022L007738

6.      In furtherance of his responsibilities on June 18, 2021, Plaintiff, HUGO FALCON, was acting as Technical Support monitoring the draining of a cooking tank known as "Armor Inox Tank #3" (hereinafter referred to as "the Tank").

7.      The Tank is part of a fully automatic cooking/chilling process that cooks foods, including beans, in water at high temperatures.

8.      Prior to June 18, 2021, Defendant, MIDDLEBY CORP, designed, manufactured, sold and/or distributed the Tank.

9.      Upon information and belief, Defendant, MIDDLEBY CORP, through its authorized agents and/or employees, provided regular maintenance to the Tank.

10.     On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY CORP, had a duty to exercise ordinary care in its design, manufacture, sales, distribution, and maintenance activities so that its products were reasonably safe in design and manufacture.

11.     On June 18, 2021, and at all times relevant, the Tank was being operated in the manner that Defendant, MIDDLEBY CORP, intended it to be used, i.e., to cook large quantities of beans.

12.     On June 18, 2021, Plaintiff, HUGO FALCON, was monitoring the draining process of the Tank when he noticed the Tank was draining slower than normal, which required the tightening of a clover tri-clamp on the Tank.

13.     On June 18, 2021, Plaintiff, HUGO FALCON, was using the Tank in a reasonably foreseeable manner in which it was designed and manufactured to be used, i.e., by tightening the clover tri-clamp to address an operational issue with the Tank.

FILED DATE: 8/26/2022 3:12 PM    2022L007738

14.    On June 18, 2021, when Plaintiff, HUGO FALCON, was using the Tank in a manner in which it had been designed, manufactured, sold, and distributed to be used, a thermowell cylindrical fitting used to protect temperature sensors dislodged from a probe joint on the Tank.

15.    On June 18, 2021, when the thermowell cylindrical fitting dislodged, it caused 190 to 200-degree water to escape from the tank onto Plaintiff's legs, ankles, and feet, thereby causing serious burns and scalding injuries.

16.    On June 18, 2021, when Plaintiff, HUGO FALCON, was working with the referenced Tank, he was at all times exercising ordinary care for his own safety.

17.    On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY CORP, breached its duty and was negligent in one or more of the following respects:

   a. It was designed, manufactured, sold and distributed so that when it was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge, allowing hot water to escape from the Tank; and/or:

   b. It was designed, manufactured, sold and distributed without proper and complete warnings and instructions informing users that when the Tank was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge and allow hot water to escape from the Tank and expose a user to the risk of serious injury or death.

18.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MIDDLEBY CORP, Plaintiff, HUGO FALCON, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HUGO FALCON, demands judgment against Defendant, THE MIDDLEBY CORPORATION, a Delaware Corporation, in a sum far in excess of the minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

FILED DATE: 8/26/2022 3:12 PM    2022L007738

## COUNT VI – LOSS OF CONSORTIUM

### *Maria Lourdes Vazquez v. The Middleby Corporation, a Delaware Corporation*

1.    Plaintiff, MARIA LOURDES VAZQUEZ, hereby reasserts and realleges paragraphs 1-20 of Count IV and paragraphs 1-18 of Count V as though fully set forth herein in as paragraph 1 of Count VI.

2.    At all relevant times, Plaintiff, MARIA LOURDES VAZQUEZ, was the legal spouse of Plaintiff, HUGO FALCON.

3.    As a proximate cause of one or more of the negligent acts and/or omissions of the Defendant, MIDDLEBY CORP, Plaintiff, MARIA LOURDES VAZQUEZ, suffered a loss of consortium, including, but not limited to, loss of love, society, affection, relationship and companionship with her husband, Plaintiff, HUGO FALCON. The losses have occurred in the past and are reasonably certain to occur in the future.

WHEREFORE, Plaintiff, MARIA LOURDES VAZQUEZ, demands judgment against Defendant, THE MIDDLEBY CORPORATION, a Delaware Corporation, in a sum far in excess of the minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

## COUNT VII – STRICT LIABILITY

### *Hugo Falcon v. Middleby Marshall, Inc., a Delaware Corporation*

1.    On and before June 18, 2021, and at all times relevant, Plaintiffs, HUGO FALCON and MARIA LOURDES VAZQUEZ, resided at 5145 S. Nordica Avenue, Chicago, Cook County, Illinois.

2.    On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY MARSHALL, INC., a Delaware Corporation, (hereinafter referred to as "MIDDLEBY

FILED DATE: 8/26/2022 3:12 PM  2022L007738

MARSHALL") was a Delaware Corporation doing business in Illinois with its principal place of business in Elgin, Illinois.

3.     On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY MARSHALL, was engaged in the business of designing, manufacturing, distributing, selling and/or maintaining cooking equipment for use in the commercial food industry, including automated cook and chill systems, commonly referred to as Armor Inox Tanks.

4.     On June 18, 2021, Plaintiff, HUGO FALCON, was employed as a Technical Support by OSI Industries, LLC, a commercial food processor and supplier to food service and retail food brands throughout the world.

5.     On June 18, 2021, Plaintiff, HUGO FALCON, was working at the OSI Industries facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

6.     In furtherance of his responsibilities on June 18, 2021, Plaintiff, HUGO FALCON, was acting as Technical Support monitoring the draining of a cooking tank known as "Armor Inox Tank #3" (hereinafter referred to as "the Tank").

7.     The Tank is part of a fully automatic cooking/chilling process that cooks foods, including beans, in water at high temperatures.

8.     Prior to June 18, 2021, Defendant, MIDDLEBY MARSHALL, designed, manufactured, sold and/or distributed the Tank.

9.     Upon information and belief, Defendant, MIDDLEBY MARSHALL, through its authorized agents and/or employees provided regular maintenance to the Tank.

10.    On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY MARSHALL, had a non-delegable duty to design, manufacture and sell the Tank in a condition that was not unreasonably dangerous.

FILED DATE: 8/26/2022 3:12 PM    2022L007738

11.     On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY MARSHALL, had a duty to provide adequate warnings to instruct users of the Tank about the dangers of the Tank which Defendant, ARMOR INOX, was aware or in the exercise of ordinary care, should have been aware.

12.     Upon information and belief, Defendant, MIDDLEBY MARSHALL, sold and/or distributed the Tank to OSI Industries for use at its facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

13.     On June 18, 2021, and at all times relevant, the Tank was being operated by Plaintiff, HUGO FALCON, in the manner in which, Defendant, MIDDLEBY MARSHALL, designed and intended the Tank, i.e., to cook large quantities of beans.

14.     On June 18, 2021, Plaintiff, HUGO FALCON, was monitoring the draining process of the Tank when he noticed the Tank was draining slower than normal, which required the tightening of a clover tri-clamp on the Tank.

15.     While Plaintiff, HUGO FALCON, was tightening the clover tri-clamp, a thermowell cylindrical fitting used to protect temperature sensors dislodged from a probe joint on the Tank.

16.     On June 18, 2021, when the thermowell cylindrical fitting dislodged, it caused 190 to 200-degree water to escape from the tank onto Plaintiff's legs, ankles, and feet, thereby causing serious burns and scalding injuries.

17.     On June 18, 2021, when Plaintiff, HUGO FALCON was working with the Tank and the components of the Tank, he was at all times exercising ordinary care for his own safety.

18.     Before June 18, 2021, and at all times relevant, when Defendant, MIDDLEBY MARSHALL, designed, manufactured, sold and/or distributed the referenced Tank, it was

FILED DATE: 8/26/2022 3:12 PM    2022L007738

unreasonably dangerous and defective in design and manufacture in one or more of the following ways:

    a.  It was designed, manufactured, sold and distributed so that when it was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge, allowing hot water to escape from the Tank; and/or:

    b.  It was designed, manufactured, sold and distributed without proper and complete warnings and instructions informing users that when the Tank was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge and allow hot water to escape from the Tank and expose a user to the risk of serious injury or death.

19.     As a proximate result of one or more of the aforesaid unreasonably dangerous conditions in the referenced Tank, a thermowell dislodged from the Tank and Plaintiff, HUGO FALCON, sustained injuries of a personal and pecuniary nature.

20.     On information and belief, on and before June 18, 2021, the alleged defects in the design and manufacture of the Tank existed in the Tank at the time it left the control of Defendant, MIDDLEBY MARSHALL.

WHEREFORE, Plaintiff, HUGO FALCON, demands judgment against Defendant, MIDDLEBY MARSHALL, INC., a Delaware Corporation, in a sum far in excess of the minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

## COUNT VIII – NEGLIGENCE

### *Hugo Falcon v. Middleby Marshall, Inc., a Delaware Corporation*

1.     On and before June 18, 2021, and at all times relevant, Plaintiffs, HUGO FALCON and MARIA LOURDES VAZQUEZ, resided at 5145 S. Nordica Avenue, Chicago, Cook County, Illinois.

17

FILED DATE: 8/26/2022 3:12 PM    2022L007738

2.     On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY MARSHALL, INC., a Delaware Corporation, (hereinafter referred to as "MIDDLEBY MARSHALL") was a Delaware Corporation doing business in Illinois with its principal place of business in Elgin, Illinois.

3.     On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY MARSHALL, was engaged in the business of designing, manufacturing, selling, distributing and/or maintaining cooking equipment for use in the commercial food industry, including automated cook and chill systems, commonly referred to as Armor Inox Tanks.

4.     On June 18, 2021, Plaintiff, HUGO FALCON, was employed as a Technical Support by OSI Industries, LLC, a commercial food processor and supplier to food service and retail food brands throughout the world.

5.     On June 18, 2021, Plaintiff, HUGO FALCON, was working at the OSI Industries facility located at 4201 S. Ashland Avenue, Chicago, Cook County, Illinois.

6.     In furtherance of his responsibilities on June 18, 2021, Plaintiff, HUGO FALCON, was acting as Technical Support monitoring the draining of a cooking tank known as "Armor Inox Tank #3" (hereinafter referred to as "the Tank").

7.     The Tank is part of a fully automatic cooking/chilling process that cooks foods, including beans, in water at high temperatures.

8.     Prior to June 18, 2021, Defendant, MIDDLEBY MARSHALL, designed, manufactured, sold and/or distributed the Tank.

9.     Upon information and belief, Defendant, MIDDLEBY MARSHALL, through its authorized agents and/or employees, provided regular maintenance to the Tank.

FILED DATE: 8/26/2022 3:12 PM   2022L007738

10.     On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY MARSHALL, had a duty to exercise ordinary care in its design, manufacture, sales, distribution, and maintenance activities so that its products were reasonably safe in design and manufacture.

11.     On June 18, 2021, and at all times relevant, the Tank was being operated in the manner that Defendant, MIDDLEBY MARSHALL, intended it to be used, i.e., to cook large quantities of beans.

12.     On June 18, 2021, Plaintiff, HUGO FALCON, was monitoring the draining process of the Tank when he noticed the Tank was draining slower than normal, which required the tightening of a clover tri-clamp on the Tank.

13.     On June 18, 2021, Plaintiff, HUGO FALCON, was using the Tank in a reasonably foreseeable manner in which it was designed and manufactured to be used, i.e., by tightening the clover tri-clamp to address an operational issue with the Tank.

14.     On June 18, 2021, when Plaintiff, HUGO FALCON, was using the Tank in a manner in which it had been designed, manufactured, sold, and distributed to be used, a thermowell cylindrical fitting used to protect temperature sensors dislodged from a probe joint on the Tank.

15.     On June 18, 2021, when the thermowell cylindrical fitting dislodged, it caused 190 to 200-degree water to escape from the tank onto Plaintiff's legs, ankles, and feet, thereby causing serious burns and scalding injuries.

16.     On June 18, 2021, when Plaintiff, HUGO FALCON, was working with the referenced Tank, he was at all times exercising ordinary care for his own safety.

17.     On and before June 18, 2021, and at all times relevant, Defendant, MIDDLEBY MARSHALL, breached its duty and was negligent in one or more of the following respects:

    a.  It was designed, manufactured, sold and distributed so that when it was being used in the manner in which it was intended to be used, one of the components of the

19

FILED DATE: 8/26/2022 3:12 PM   2022L007738

Tank, without warning, could dislodge, allowing hot water to escape from the Tank; and/or:

b. It was designed, manufactured, sold and distributed without proper and complete warnings and instructions informing users that when the Tank was being used in the manner in which it was intended to be used, one of the components of the Tank, without warning, could dislodge and allow hot water to escape from the Tank and expose a user to the risk of serious injury or death.

18.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MIDDLEBY MARSHALL, Plaintiff, HUGO FALCON, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HUGO FALCON, demands judgment against Defendant, MIDDLEBY MARSHALL, INC. a Delaware Corporation, in a sum far in excess of the minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

## COUNT IX – LOSS OF CONSORTIUM

### *Maria Lourdes Vazquez v. Middleby Marshall, Inc., a Delaware Corporation*

1.     Plaintiff, MARIA LOURDES VAZQUEZ, hereby reasserts and realleges paragraphs 1-20 of Count VII and paragraphs 1-18 of Count VIII as though fully set forth herein in as paragraph 1 of Count IX.

2.     At all relevant times, Plaintiff, MARIA LOURDES VAZQUEZ, was the legal spouse of Plaintiff, HUGO FALCON.

3.     As a proximate cause of one or more of the negligent acts and/or omissions of the Defendant, MIDDLEBY MARSHALL, Plaintiff, MARIA LOURDES VAZQUEZ, suffered a loss of consortium, including, but not limited to, loss of love, society, affection, relationship and

companionship with her husband, Plaintiff, HUGO FALCON. The losses have occurred in the past and are reasonably certain to occur in the future.

WHEREFORE, Plaintiff, MARIA LOURDES VAZQUEZ, demands judgment against Defendant, MIDDLEBY MARSHALL, INC. a Delaware Corporation, in a sum far in excess of the minimum jurisdictional limit of Fifty Thousand Dollars ($50,000.00) and for any other relief this Court deems appropriate.

McNABOLA LAW GROUP, P.C.


/s/ Mark E. McNabola
Attorneys for Plaintiffs


Mark E. McNabola, Esq.
Donald R. McGarrah, Esq.
David C. McCracken, Esq.
**McNabola Law Group, P.C.**
55 West Wacker Drive, 9th Floor
Chicago, Illinois 60601
(312) 629-2900
Firm I.D. No. 49780
mark@mcnabolalaw.com
don@mcnabolalaw.com
david@mcnabolalaw.com

21